FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BURT S., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:23-CV-5056-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER <br><br> ECF Nos. 10, 12 |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 12. Attorney Chad Hatfield represents Burt S. (Plaintiff); Special Assistant United States Attorney Frederick Fipps represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

//
//

## JURISDICTION

Plaintiff filed an application for benefits on July 15, 2020, later alleging disability since June 4, 2020. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on March 2, 2022, and issued an unfavorable decision on March 23, 2022. Tr. 21-39. The Appeals Council denied review on February 22, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on April 25, 2023. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence

and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 23, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 21-39.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 15, 2020, the application date. Tr. 25.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder (PTSD); and schizoaffective disorder. Tr. 25.

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform a full range of work at all exertional levels but

ORDER GRANTING PLAINTIFF'S MOTION . . . 3

with the following nonexertional limitations: he is able to understand, remember, and carry out simple routine tasks; he is able to maintain concentration, persistence and pace for 2-hour intervals between regularly scheduled breaks; he can adapt to occasional simple changes; and he is limited to no interaction with the public, and only occasional, superficial interaction with coworkers.  Tr. 28.

At step four, the ALJ found Plaintiff is capable of performing past relevant work as a housekeeping-cleaner.  Tr. 38.

The ALJ thus concluded Plaintiff has not been disabled since the application date.  Tr. 39.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; (C) whether the ALJ erred by applying *Chavez*; (D) whether the ALJ erred at step three; and (E) whether the ALJ erred at steps four and five.  ECF No. 10 at 4.

## DISCUSSION

**A.  Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Plaintiff argues the ALJ misevaluated four sets of medical opinions.  ECF No. 10 at 7-17.

1.      ***Thomas Genthe, Ph.D and David Morgan, Ph.D***

Dr. Genthe examined Plaintiff in January 2019, conducting a clinical interview and performing a mental status examination.  Tr. 488-94.  Dr. Genthe assessed a "recent" onset of schizophrenia, noting Plaintiff was hospitalized "8-9 months ago" for believing he was "under surveillance."  Tr. 488, 491.  Dr. Genthe assessed the severity of Plaintiff's mental impairments as "severe" and opined, among other things, Plaintiff was severely limited in understanding, remembering, and persisting in tasks by following detailed instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, adapting to changes in a routine work setting, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal work day and work week without interruptions from psychologically-based symptoms.  Tr. 490-91.

Dr. Morgan examined Plaintiff in June 2020, conducting a clinical interview and performing a mental status examination.  Tr. 607-611.  Dr. Morgan assessed the severity of Plaintiff's mental impairments as "marked" and opined, among other things, Plaintiff was markedly limited in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, adapting to changes in a routine work setting, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal work day and work week without interruptions from psychologically-based symptoms.  Tr. 609.

The ALJ found both opinions "not persuasive."  Tr. 35, 36.  Because the ALJ discounted these opinions on the same grounds, the Court collectively discusses the ALJ's treatment of them.

The ALJ first discounted the opinions on the ground the doctors, who examined Plaintiff only once, reviewed "no records" and relied on Plaintiff's self-

report. Tr. 35, 36.  This ground is legally erroneous, as there is no requirement examining doctors who perform one evaluation – and necessarily assess functioning at the time of the evaluation – review treatment notes.  *See, e.g.*, *Walshe v. Barnhart*, 70 F. App'x 929, 931 (9th Cir. 2003) (stating "Social Security regulations do not require that a consulting physician review all of the claimant's background records"); *Xiomara F. v. Comm'r of Soc. Sec.*, 2020 WL 2731023, at *2 (W.D. Wash. May 26, 2020) ("There is no requirement an examining doctor review records prior to rendering an opinion."); *Chlarson v. Berryhill*, No., 2017 WL 4355908, at *3 (W.D. Wash. July 28, 2017) ("[N]ot reviewing plaintiff's prior medical records is not a legitimate basis for the failure to credit fully Dr. Czysz's opinion, as Dr. Czysz examined plaintiff and performed a MSE[.]"), *report and recommendation adopted*, 2017 WL 3641907 (W.D. Wash. Aug. 24, 2017); *Al-Mirzah v. Colvin*, 2015 WL 457800, at *8 (W.D. Wash. Feb. 3, 2015) ("This rationale, taken to its logical extreme, would allow for the rejection of any and all medical opinions rendered prior to the admission of the claimant's most recent treatment notes into the administrative record.").  Further, the record indicates the opinions were based on clinical observations and does not indicate either doctor found Plaintiff to be untruthful.  Therefore, this is no evidentiary basis for rejecting the opinions.  *Cf. Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology.  Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-200 (9th Cir. 2008) (noting an ALJ does not provide valid "reasons for rejecting an examining physician's opinion by

questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). The ALJ accordingly erred by discounting the opinions on this ground.

The ALJ next discounted the opinions as inconsistent with the longitudinal record, citing specifically to Plaintiff's self-report of psychologically-based symptoms and Plaintiff's performance on mental status examinations (*i.e.*, "calm, appropriate affect, normal speech, good eye contact"). Tr. 35, 36. This was error. As to Plaintiff's self-report, courts have long understood that psychiatric impairments are "not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness." *Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981); *accord Buck*, 869 F.3d at 1049; *Ryan*, 528 F.3d at 1199-2000. As to Plaintiff's performance on mental status examinations (conducted in a close and sterile setting with psychiatric professionals), the ALJ's stated inconsistencies are not legitimate inconsistencies: Plaintiff's affect, speech, and eye contact are neither inconsistent with allegations of Plaintiff's psychiatric impairments nor undermine the doctors' opined limitations concerning, among other things, Plaintiff's ability to complete a normal workday/workweek. When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). The ALJ did not do so here. The ALJ accordingly erred by discounting the opinions on this ground.

Finally, the ALJ discounted the opinions as inconsistent with Plaintiff's activities of daily living. Tr. 35, 36. In support, the ALJ noted the following: Plaintiff "lives alone, manages personal care/hygiene/medications independently; meals, household chores, public transportation, shopping, finances; attends counseling; enjoys playing video games and collecting/watching movies." Tr. 36. These minimal activities are neither inconsistent with nor a valid reason to discount the doctor's opinion. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's minimal activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting the doctors' opinions on this ground.

The ALJ accordingly erred by discounting the doctors' opinions.

### 2. *Josue Reyes, ARNP*

ARNP Reyes, who treated Plaintiff between 2015 and 2022, prepared a medical source statement on January 11, 2022, opining, among other things, Plaintiff was "[s]everely limited: Unable to perform the demands of even sedentary work." Tr. 1155. The ALJ found this opinion "not persuasive." Tr. 37.

The ALJ first discounted the opinion as unsupported, noting "this opinion form is lacking in any clinical data, evidence of objective findings or testing, or

ORDER GRANTING PLAINTIFF'S MOTION . . . 8

sufficient explanation to support the disabling level of limitation opined." Tr. 37. However, the record makes clear that ARNP Reyes (and his practice) treated Plaintiff for a period of years before ARNP Reyes rendered his opinion. *See, e.g.*, 889-946, 955-63, 1067-72. The substantial medical evidence produced by ARNP Reyes's practice contains numerous treatment notes documenting Plaintiff's encounters with ARNP Reyes and his colleagues and indicates these clinicians assessed, among other things, Plaintiff as suffering from varying degrees of auditory hallucinations and suicidal ideation, *see, e.g.*, Tr. 894, and depression, *see, e.g.*, Tr. 967. The ALJ accordingly erred by discounting the opinion on this ground.

The ALJ also discounted the opinion as inconsistent with the longitudinal evidence. Tr. 37. For the reasons discussed above, in the context of the opinions of Drs. Genthe and Morgan, the ALJ erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the opinion.

### 3.  *Merridy Smith, MSW*

Ms. Smith began treating Plaintiff no later than January 2019. Tr. 618. On January 6, 2022, Ms. Smith completed a medical source statement, wherein she opined, among other things, Plaintiff had numerous severe and marked functional impairments and, based on these impairments, would be off-task at least 30% of the time during a 40-hour workweek and would miss at least 4 days per month. Tr. 1157-60. The ALJ found this opinion "not persuasive." Tr. 34.

The ALJ first discounted the opinion as unsupported, noting it is a "rating check-box form providing no supporting diagnoses or information about symptoms, nor evidence of any objective medical or clinical findings to support the degree of limitation opined." Tr. 37. However, the record makes clear that Ms. Smith (and her practice, of which ARNP Reyes is also a part) treated Plaintiff for a period of years before rendering her opinion. *See, e.g.*, Tr. 612-888. Thus, the

1. checkbox opinion "did not stand alone[.]" *Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014)). Further, for the reasons discussed above, in the context of the opinion of ARNP Reyes, substantial evidence does not support the balance of this finding. The ALJ accordingly erred by discounting the opinion on this ground.

The ALJ also discounted the opinion as inconsistent the longitudinal record – specifically noting "a lack of objective findings in the ongoing clinical records and treatment notes" – and inconsistent with Plaintiff's daily activities. Tr. 37-38. For the reasons discussed above, in the context of the opinions of Drs. Genthe and Morgan, the ALJ erred by discounting the opinion on this ground.

The ALJ accordingly erred by discounting the opinion.

### 4. *Lillie McCain, Ph.D*

Dr. McCain testified as a medical expert at the hearing. *See* Tr. 125-37. The ALJ found Dr. McCain opined Plaintiff's "mental conditions/symptoms as identified in the record would not preclude him from working as they do not limit his 'ability to function socially, occupationally or behaviorally.'" Tr. 33.

ALJ credited Dr. McCain's opinion on the same grounds used to discount the opinions of the examining and treating providers discussed above. Tr. 33 (finding Dr. McCain's opinion consistent with the ALJ's view of the longitudinal record, Plaintiff's self-reported symptoms, Plaintiff's mental status examinations, and Plaintiff's activities). Because the Court concludes the ALJ's stated grounds for discounting these providers' opinions were legally deficient and/or lacked substantial evidentiary support, it necessarily cannot affirm the ALJ's crediting of Dr. McCain's opinion.

### B. Subjective Complaints

Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 10 at 18-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative

evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

      The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 30-33. However, because the ALJ erred by discounting three sets of medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

      The ALJ also discounted Plaintiff's testimony as inconsistent with his activities. Tr. 31. However, as discussed above, the minimal activities the ALJ cites do not sufficiently undermine Plaintiff's claims. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

      The ALJ accordingly erred by discounting Plaintiff's testimony.

## SCOPE OF REMAND

      This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical opinions and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

      Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to reevaluate her *Chavez*, step three, RFC,

step four, and step five findings.  For this reason, the Court need not reach Plaintiff's remaining assignment of error.  *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinions of Drs. Genthe and Morgan, ARNP Reyes, Ms. Smith, and Dr. McCain, reassess Plaintiff's testimony, develop the record, and reevaluate the steps of the sequential evaluation process, as appropriate – including a redetermination of the RFC, as needed.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).  Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 10**, is **GRANTED**.

2. Defendant's motion to affirm, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED January 18, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE